UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**Juan Pablo Garcia Vasquez, Balter Hernan Reyes Jacinto, Wilfredo Lopes Vasquez, Cesar Joel Vasquez, Yordy Romero Toledo Reyes, Hermoso Toledo, Adolfo Toledo Cordoba, Gernan Juveny Vasquez Picon, Limber Javier Reyes Jacinto, Yeisson Toledo Garcia, Cristian Miguel Angel Balcarcel Reyes, Kevin Waldemar Arrioza Xol,**
on behalf of themselves and
on behalf of all similarly situated,

Plaintiff,

Hon.
Case No.

v.

**Medrano USA, Inc.,** an Ohio Corporation,
**Jonathan Diaz,** individuals,
 jointly and severally

Defendants.

---

| |
|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiffs<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION
COMPLAINT WITH JURY DEMAND**

NOW COMES Plaintiffs, by and through their attorneys at the Avanti Law Group, PLLC, and in their Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiffs, on behalf of themselves and all others similarly situated (hereinafter referred to as "Plaintiffs"), to recover for

Page 1 of 13

Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

2. Plaintiffs are similarly situated with other employees who worked for or are working for Defendants who were not paid minimum wage for all hours worked.

3. Plaintiffs are similarly situated with other employees who worked for or are working for Defendants and were not compensated the mandated overtime premium for all hours worked in excess of forty (40) in a work week.

4. Defendants violated the FLSA by failing to pay employees, including Plaintiffs, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

5. Defendants violated the FLSA by failing to pay employees, including Plaintiffs, the overtime premium required for all hours worked in excess of forty hours per workweek.

6. Plaintiffs seek a declaration that their rights, and those of others similarly situated, were violated, an award of unpaid wages, and award of liquidated damages along with an award of attorneys' fees and costs.

7. Plaintiffs bring a Collective Action to recover unpaid overtime compensation owed to themselves and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members." At the earliest time possible, Plaintiffs seek permission to send a Court

authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members as defined below.

## COVERAGE

8. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

9. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

10. At all material times, Plaintiffs and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

11. Plaintiffs and Class Members were engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

12. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

13. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

14. Defendants provided training to Plaintiffs and Class Members, set, controlled and had knowledge of the hours worked by Plaintiffs and Class Members, directed the work of Plaintiffs and Class Members and set the compensation received by each.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

16. Corporate Defendants' employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

17. Corporate Defendants' annual sales exceed $500,000, and each Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

18. Defendant Medrano USA, Inc. (hereinafter referred to as "Medrano") is and was at all times relevant incorporated in the State of Ohio and has its principal place of business located in Columbus, Ohio.

19. Defendant Medrano has multiple locations at which it operates including in Georgia, Indiana, Illinois, and Missouri.

20. Defendant Jonathan Diaz (hereinafter referred to as "Diaz") is the General Manager of Defendant Medrano's Michigan location and/or responsible for the day to day operations of the plant. *Exhibit A*.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

22. Plaintiff Juan Pablo Garcia Vasquez (hereinafter referred to as "Juan Pablo") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

23. Plaintiff Balter Hernan Reyes Jacinto (hereinafter referred to as "Reyes Jacinto") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

24. Plaintiff Wilfredo Lopes Vasquez (hereinafter referred to as "Lopes Vasquez") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

25. Plaintiff Cesar Joel Vasquez (hereinafter referred to as "Cesar Joel") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

26. Plaintiff Yordy Romero Toledo Reyes (hereinafter referred to as "Toledo Reyes") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

27. Plaintiff Hermoso Toledo (hereinafter referred to as "Toledo") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

28. Plaintiff Adolfo Toledo Cordoba, (hereinafter referred to as "Cordoba") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

29. Plaintiff Gernan Juveny Vasquez Picon (hereinafter referred to as "Vasquez Picon") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

30. Plaintiff Limber Javier Reyes Jacinto (hereinafter referred to as "Reyes Jacinto") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

31. Plaintiff Yeisson Toledo Garcia (hereinafter referred to as "Toledo Garcia") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

32. Plaintiff Cristian Miguel Angel Balcarcel Reyes (hereinafter referred to as "Balcarcel Reyes") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

33. Plaintiff Kevin Waldemar Arrioza Xol (hereinafter referred to as "Arriozo Xol") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

34. Defendant Medrano is an Ohio Corporation whose headquarters is located at 4311 Janitorial Rd. Suite 500, Columbus, OH 43228.

35. Defendant Diaz was at all relevant times in charge of day to day operations of the business and it's various locations and was involved in making decisions with regard to policies and practices affecting all employees.

36. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## **GENERAL ALLEGATIONS**

37. Plaintiff Juan Pablo began working for Defendants at the St. Louis, MO location about a year ago.

38. Plaintiff Juan Pablo was recruited, along with others, to come work at Defendant's Michigan location in approximately March of 2021.

39. Plaintiff Reyes Jacinto began working for Defendants at the St. Louis, MO location about a year ago.

40. Plaintiff Reyes Jacinto was recruited, along with others, to come work at Defendant's Michigan location in approximately August of 2021.

41. Plaintiff Lopes Vasquez was hired and began working for Defendants in March of 2021.

42. Plaintiff Cesar Joel was hired and began working for Defendants approximately July/August of 2021.

43. Plaintiff Toledo Reyes began working for Defendants at the St. Louis, MO location about seven months ago.

44. Plaintiff Toledo Reyes was recruited, along with others, to come work at Defendant's Michigan location in approximately March of 2021.

45. Plaintiff Toledo was recruited by Defendants while he was living in New Mexico to come work in Michigan.

46. Plaintiff Toledo began working for Defendants approximately 6 months ago.

47. Plaintiff Cordoba began working for Defendants about 6 months ago.

48. Plaintiff Salvador was recruited by Defendants from New Mexico about six months ago to come work at the Michigan location.

49. Plaintiff Salvador began working for Defendants about 6 months ago.

50. Plaintiff Vasquez Picon began working for Defendants about 6 months ago.

51. Plaintiff Reyes Jacinto began working for Defendants at the St. Louis, MO location in May of 2021.

52. Plaintiff Reyes Jacinto was recruited by Defendants to come work for them at the Michigan location in June of 2021.

53. Plaintiff Toledo Garcia was recruited by Defendants while he was working in Oklahoma about 6 months ago.

54. Plaintiff Toledo Garcia began working for Defendants at their Michigan location approximately 6 months ago.

55. Plaintiff Balcarcel Reyes began working for Defendants at their Michigan location approximately 6 months ago.

56. Plaintiff Arriaza Xol was recruited by Defendants while he was living in Kentucky to come work in Michigan.

57. Plaintiff Arriaza Xol began working for Defendants in their Michigan location approximately 3 months ago.

58. Defendant Diaz was responsible for the day to day operations of the Defendant corporation and various places of business.

59. Defendant Diaz was responsible for recruiting, setting schedules, setting pay rates, and establishing the pay practices which resulted in the violations of the FLSA herein alleged.

60. Plaintiffs worked between 64 and 74 hours per week.

61. Plaintiffs were paid on an hourly basis for the first forty hours of work in a workweek.

62. Plaintiffs were paid on a piece rate basis for the remaining hours worked in a workweek.

63. Plaintiffs were paid weekly by Defendants.

64. Plaintiff's pay stubs, when he received any, did not reflect the correct amount of hours worked in a workweek.

65. Plaintiff's pay stubs, when he received any, did not reflect the total amount of pay earned in a workweek.

66. Defendants deducted various amounts from Plaintiffs' pay without their consent.

67. Plaintiffs were not paid all their wages due to them on time.

68. Defendants did not compensate Plaintiffs at the rate of one and one-half times their rate for all hours worked over forty (40) hours per workweek as required by the FLSA.

## **WILLFUL VIOLATIONS OF THE FLSA**

69. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs.

70. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

71. Defendants utilized their business to subvert their obligations under state and federal law.

72. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to their unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COLLECTIVE ACTION ALLEGATIONS

73. Plaintiffs reallege and incorporate herein all previous paragraphs.

74. All claims set forth in all Counts of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiffs bring this count on their own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants at any time in the three years prior to the filing of this action at any of their locations in various states, and 2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiffs do not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

75. With respect to all Counts, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

76. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiffs, and their claims are based upon the same legal theory as the individually named Plaintiffs.

77. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over 100 individuals.

78. The class of individuals spans all employees who worked for Defendants in any of their locations throughout the United States.

79. As such, the class of similarly situated Class Members are properly defined as follows:

   *Current and former employees of Medrano USA, Inc. who were not paid the required overtime premium of time-and-a-half for hours worked in excess of 40 hours during a workweek.*

   Plaintiffs reserve the right to amend this definition as necessary.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

80. Plaintiffs hereby incorporate and reallege all the paragraphs above.

81. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

82. At all relevant times, Plaintiffs were an "employee[s]" of Defendants as the term is defined under the FLSA.

83. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiffs to work and thus "employed" Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(g).

84. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

85. By failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

86. Plaintiffs were not paid at the rate of one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

87. Defendants' violations of the FLSA were knowing and willful.

88. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

89. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests the following relief:

A. Certifying this case as a Collective Action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I;

B. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

C. Designation of Named Plaintiffs as Representative of the Class Members;

D. Designation of Plaintiffs' counsel as Class counsel;

E. Declaring Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Count I;

F.        Declaring Defendants violated their obligations under the FLSA;

G.        Granting judgment in favor of Plaintiffs and Class Members and against Defendants on the FLSA claim as set forth in Count I and awarding each the amount of his/her unpaid wages, along with an equal amount as liquidated damages;

H.        Awarding Plaintiffs and Class Members the costs of this action;

I.        Awarding Plaintiffs and Class Members reasonable attorneys' fees pursuant to the FLSA;

J.        Awarding Plaintiffs and Class Members pre- and post-judgment interest on their damages;

K.        Defendant pay prejudgment interest to Plaintiffs and Class Members on these damages; and

L.        The Court grant such other and further relief as the Court may deem just or equitable.

Dated: November 17, 2021                              Respectfully Submitted,

                                                                                   */s/   Robert Anthony Alvarez*
                                                                                    Robert Anthony Alvarez (P66954)
                                                                                    Attorney for Plaintiffs
                                                                                    Avanti Law Group. PLLC


## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiffs, by and through their attorneys, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 17, 2021                              Respectfully Submitted,

                                                                                    */s/   Robert Anthony Alvarez*         .
                                                                                    Robert Anthony Alvarez (P66954)
                                                                                    Attorney for Plaintiffs
                                                                                   Avanti Law Group. PLLC